ROSIE BREWIN v. THE STATE.

No. 3383. Decided February 7, 1906.

**1.—Theft From the Person—Indictment.**

Where the indictment alleged that the money stolen was "twenty-seven dollars in money which passed current as money of the United States of America of the value of twenty-seven dollars" the description of the money was sufficient.

**2.—Same—Charge of Court—Definition of Offense—Application to Facts—Sudden Taking.**

Where in a prosecution for theft from the person, the court, in his general definition of the offense, charged the part of the statute including the second clause thereof with reference to sudden taking, but did not include this clause in the application of the law to the facts, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of theft from the person; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Graham B. Smedley, William M. Jones & A. S. Baskett,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charged appellant with theft from the person, and the money is thus described in the indictment: "$27 in money which passed current as money of the United States of America, of the value of $27." Motion in arrest of judgment was made because this was not a sufficient description of the money. The motion is not well taken. The description is sufficient. Butler v. State, 10 Texas Ct. Rep., 982.

The charge of the court is criticised because, among other things, it states, "The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away." This is in the general definition of the offense, and is a part of the statutory definition. The court then says: "Now, gentlemen of the jury, bearing in mind these definitions, and applying them to the evidence in this case." The indictment charges that the theft was committed without the knowledge of the person from whom the property was taken, and does not charge "or so suddenly as not to allow time to make resistance before the property is carried away." Applying the law to the facts, however, the court limited the jury "to privately taking the property without the knowledge, etc., of the alleged owner," and does not include the second clause, "or so suddenly," etc. We do not believe this is such error as authorizes a reversal, inasmuch as the jury were limited to the allegations of the indictment when the law was applied to the facts of the case by the charge.

The charge of the court on circumstantial evidence is also criticised. The charge is so clearly right along this line, that it is not necessary to discuss it. The transcript does not contain a statement of facts. There being no such error as requires a reversal, the judgment is affirmed.

*Affirmed.*